UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

BUFFALO BILLS, LLC,

           Plaintiff,

v.

VINCENT CACCAMO,
STEPHANIE CACCAMO,
APS SOLUTIONS, INC.,

           Defendants.

**Plaintiff Demands Trial by Jury**

**COMPLAINT**

Civil Action No.:

---

Plaintiff, Buffalo Bills, LLC, by its attorneys, Lipsitz Green Scime Cambria, LLP, as and for its Complaint against Defendants, alleges as follows:

### PARTIES AND JURISDICTION

1. Plaintiff Buffalo Bills, LLC (the "Bills" or "Plaintiff") was and is a foreign limited liability company organized and existing under the laws of the State of Delaware and qualified to do business in the State of New York, with its principal place of business located at One Bills Drive, Orchard Park, New York 14127.

2. Upon information and belief, Defendant Vincent Caccamo is a citizen of the State of Connecticut, with his domicile at 9 Hamlin Court, Brookfield, Connecticut 06804.

3. Upon information and belief, Defendant Stephanie Caccamo is a citizen of the State of Connecticut, with her domicile at 9 Hamlin Court, Brookfield, Connecticut 06804.

4. Upon information and belief, Defendant APS Solutions, Inc. is either (i) a foreign business corporation that is not incorporated in either New York or Delaware and does not have offices in either state; or (ii) is an unincorporated legal fiction and serves as the business alter ego

of Defendants Vincent Caccamo and Stephanie Caccamo and is the successor in interest of Arenas, Parks & Stadiums Solutions, Inc.

5. Upon information and belief, Defendant APS Solutions, Inc. maintains a principal place of business at 4600 Powder Mill Road, Beltsville, Maryland 20705.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(2) as a substantial part of the events or omissions giving rise to the claim occurred in this District.

7. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because the Plaintiff and Defendants are of diverse citizenship and the amount in controversy exceeds $75,000.

8. This Court has personal jurisdiction over the Defendants pursuant to New York's Long-Arm Jurisdiction Statute, CPLR § 302(a), as Defendants (1) transact business in the State of New York or contract to supply goods or services in the State of New York; and/or (2) committed a tortious act within the State of New York.

## FACTUAL ALLEGATIONS

9. On June 26, 2018, Plaintiff commenced suit against non-party Arenas, Parks & Stadiums Solutions, Inc. by the filing of a Summons and Complaint in New York State Supreme Court, Erie County, captioned *Buffalo Bills, LLC v. Arenas, Parks & Stadiums Solutions, Inc.*, Index No. 809965/2018 (the "State Action").

10. Upon information and belief, non-party Arenas, Parks & Stadiums Solutions, Inc. was (or is) owned by Defendants Vincent Caccamo and Stephanie Caccamo.

11. In the State Action, the Bills brought causes of action for breach of contract and unjust enrichment arising from Arenas, Parks & Stadiums Solutions, Inc.'s failure to fulfill the terms of a Sponsorship Agreement it had entered into with the Bills, specifically its failure to pay

the agreed upon "Sponsorship Fees" as required by the Sponsorship Agreement. A true and accurate copy of the Complaint from the State Action is annexed hereto and incorporated herein by reference as **Exhibit A**.

12. The Sponsorship Agreement was entered into in the Western District of New York, as Plaintiff's principal place of business is located at One Bills Drive, Orchard Park, New York 14127. A true and accurate copy of the Sponsorship Agreement is annexed hereto and incorporated herein by reference as **Exhibit B**.

13. Arenas, Parks & Stadiums Solutions, Inc.'s failed to answer the complaint in the State Action and a default judgment was obtained by the Bills on February 7, 2019. A true and accurate copy of the default Order and Judgment entered against Arenas, Parks & Stadiums Solutions, Inc. in the State Action is annexed hereto and incorporated herein by reference as **Exhibit C**.

14. On February 19, 2019, Plaintiff filed a Statement of Judgment in the amount of $491,671.56. A true and accurate copy of the Statement of Judgment is annexed hereto and incorporated herein by reference as **Exhibit D**.

15. Following obtaining the aforementioned Judgment, Plaintiff commenced efforts to collect thereon.

16. Pursuant to those efforts, Plaintiff served a Restraining Notice, Information Subpoena with Questions and Answers on Arenas, Parks & Stadiums Solutions, Inc.'s bank, JP Morgan Chase Bank NA.

17. In response to the information subpoena, JP Morgan Chase Bank NA notified Plaintiff that the funds held in the account(s) of Arenas, Parks & Stadiums Solutions, Inc. had been withdrawn by it, leaving no funds that could be restrained and levied upon. A true and accurate

copy of the response from JP Morgan Chase Bank NA is annexed hereto and incorporated herein by reference as **Exhibit E**.

18. Plaintiff also subpoenaed Defendant Stephanie Caccamo as Chief Executive Officer of Arenas, Parks & Stadiums Solutions, Inc. for a judgment debtor examination.

19. In response to that subpoena, Plaintiff's counsel was contacted by Defendant Vincent Caccamo.

20. Plaintiff's counsel informed Defendant Vincent Caccamo that Plaintiff was intent on pursuing any and all lawful means available to it to enforce its judgment.

21. In response thereto, Defendant Vincent Caccamo indicated that Plaintiff's collections efforts would be futile as the Defendants had formed a new entity, and that he was confident Plaintiff would not be successful in its collection efforts. Upon information and belief, the new entity that Defendant Vincent Caccamo was referring to was Defendant APS Solutions, Inc.

22. While Defendant Stephanie Caccamo was and is held out to be the Chief Executive Officer of Arenas, Parks & Stadiums Solutions, Inc., Defendant Vincent Caccamo further admitted to Plaintiff's counsel that he was the individual responsible for the management and operation of Arenas, Parks & Stadiums Solutions, Inc. and that Defendant Stephanie Caccamo was merely involved in the business for the purpose of qualifying as a woman owned business entity.

23. Based upon his statements to Plaintiff's counsel, Plaintiff subpoenaed Defendant Vincent Caccamo for a judgment debtor examination.

24. Neither Defendant Stephanie Caccamo nor Defendant Vincent Caccamo appeared at their noticed examinations.

25. In addition to the judgment obtained against it by Plaintiff, non-party Arenas, Parks & Stadiums Solutions, Inc. has been a party to a number of lawsuits in recent years, with several judgments obtained against it.

26. Upon information and belief, Defendants Stephanie Caccamo and Vincent Caccamo are now conducting business via Defendant APS Solutions, Inc., contracting services for carpentry, flooring, painting and maintenance, performing the same services for the same clientele as they previously had as "Arenas, Parks & Stadiums Solutions, Inc."

27. Upon information and belief, the creation of Defendant APS Solutions, Inc. was part of a scheme implemented by Defendants Vincent and Stephanie Caccamo to defraud creditors, including Plaintiff.

28. Upon information and belief, said scheme resulted in the assets of Arenas, Parks & Stadiums Solutions, Inc., including, but not limited to its, cash on hand, equipment, inventory, customers, ongoing projects, and accounts receivable being knowingly transferred by Defendants Vincent and Stephanie Caccamo to Defendant APS Solutions, Inc. for little or no consideration.

29. Upon information and belief, as a result of this scheme, Defendants Vincent Caccamo and Stephanie Caccamo have fraudulently attempted to shield the assets of the business they own and operate from the creditors of Arenas, Parks & Stadiums Solutions, Inc., resulting in the operation of the very same business but through a different corporate shell, to wit Defendant APS Solutions, Inc.

30. Upon information and belief, the transfer(s) rendered Arenas, Parks & Stadiums Solutions, Inc. insolvent.

31. Upon information and belief, at all times relevant hereto, Defendants co-mingled assets, transferring monies to each other with none of the corporate formalities required, and divesting each other of assets with the intent to defraud creditors such as Plaintiff.

32. Upon information and belief, at all times relevant hereto, Defendants abused the corporate form such that to adhere to protections afforded corporate status would result in inequity.

33. Upon information and belief, at all times relevant hereto, adherence to the fiction of separate existences of and for the Defendants would permit abuse of the corporate privilege and produce an inequitable result, thereby enabling each to, for all intents and purposes, escape liability to Plaintiff for the actions, acts and omissions and damages alleged herein.

34. Presently, Defendants Vincent Caccamo and Stephanie Caccamo transact business in the State of New York and contract to supply goods or services in the State of New York via the legal fiction of Defendant APS Solutions, Inc.

35. Defendants Vincent Caccamo and Stephanie Caccamo also committed a tortious act within the State of New York by fraudulently conveying the assets of Arenas, Parks & Stadiums Solutions, Inc., a New York State domestic business corporation with principal place of business located at 45 Nicole Lane, Wingdale, New York 12594, to Defendant APS Solutions, Inc.

36. By reason of the foregoing, Plaintiff has suffered injury and damage by Defendants' thwarting of Plaintiff's ability to collect upon and satisfy a lawfully granted and validly entered judgment against Arenas, Parks & Stadiums Solutions, Inc.

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS: FRAUDULENT CONVEYANCE PURSUANT TO NEW YORK DEBTOR AND CREDITOR LAW § 273

37. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs "1" through "36" above as if fully set forth below.

38. Defendants knowingly caused the assets of Arenas, Parks & Stadiums Solutions, Inc. to be fraudulently conveyed to Defendant APS Solutions, Inc.

39. The conveyance was without fair consideration.

40. The conveyance rendered the debtor, Arenas, Parks & Stadiums Solutions, Inc. insolvent.

41. The conveyance is fraudulent as to Plaintiff as creditor of Arenas, Parks & Stadiums Solutions, Inc.

42. By reason of the foregoing, Plaintiff has suffered injury and damage in the amount of $491,671.56, the amount of the judgment taken against Arenas, Parks & Stadiums Solutions, Inc. as of February 19, 2019, plus applicable post-judgment interest, as well as the costs and attorney's fees of the present action pursuant to contract, all in an amount to be determined at trial but within the jurisdictional limits of this Court.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS: FRAUDULENT CONVEYANCE PURSUANT TO NEW YORK DEBTOR AND CREDITOR LAW § 276

43. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs "1" through "42" above as if fully set forth below.

44. Defendants caused the assets of Arenas, Parks & Stadiums Solutions, Inc. to be fraudulently conveyed to Defendant APS Solutions, Inc.

45. The conveyance was without fair consideration.

46. Defendants' intent in conveying the assets from Arenas, Parks & Stadiums Solutions, Inc. to Defendant APS Solutions, Inc. was to hinder, delay, and defraud Plaintiff, as creditor of Arenas, Parks & Stadiums Solutions, Inc.

47. The conveyance is fraudulent as to Plaintiff as a creditor of Arenas, Parks & Stadiums Solutions, Inc.

48. By reason of the foregoing, Plaintiff has suffered injury and damage in the amount of $491,671.56, the amount of the judgment taken against Arenas, Parks & Stadiums Solutions, Inc. as of February 19, 2019, plus applicable post-judgment interest, as well as the costs and attorney's fees of the present action pursuant to contract, all in an amount to be determined at trial but within the jurisdictional limits of this Court.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS: FRAUDULENT CONVEYANCE PURSUANT TO NEW YORK DEBTOR AND CREDITOR LAW § 278

49. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs "1" through "48" above as if fully set forth below.

50. Plaintiff has a lawfully granted and validly entered judgment against Arenas, Parks & Stadiums Solutions, Inc.

51. Defendants caused the assets of Arenas, Parks & Stadiums Solutions, Inc. to be fraudulently conveyed to Defendant APS Solutions, Inc.

52. The conveyance was without fair consideration.

53. Defendants' intent in conveying the assets from Arenas, Parks & Stadiums Solutions, Inc. to Defendant APS Solutions, Inc. was to hinder, delay, and defraud Plaintiff, as creditor of Arenas, Parks & Stadiums Solutions, Inc.

54. The conveyance is fraudulent as to Plaintiff as creditor of Arenas, Parks & Stadiums Solutions, Inc.

55. Plaintiff has a lawfully granted and validly entered judgment against Arenas, Parks & Stadiums Solutions, Inc.

56. By reason of the foregoing, Plaintiff has suffered injury and damage and is entitled to have the fraudulent conveyance set aside pursuant to New York Creditor and Debtor Law § 278.

**WHEREFORE**, Plaintiff demands judgment against the Defendants and each of them as follows:

a) Awarding damages to Plaintiff in the amount of $491,671.56, plus applicable post-judgment interest;

b) Awarding Plaintiff its costs and attorney's fees of the present action;

c) Awarding Plaintiff its other costs and disbursements associated with the present action;

d) Setting aside the fraudulent conveyance of assets from Arenas, Parks & Stadiums Solutions, Inc. to Defendant APS Solutions, Inc.; and/or

e) Awarding Plaintiff such other and further relief as this Court may deem just, proper, and equitable.

DATED:    January 8, 2020
              Buffalo, New York

                                        LIPSITZ GREEN SCIME CAMBRIA LLP

                                        By:   <u>s/Jeffrey F. Reina</u>
                                               Michael Schiavone, Esq.
                                               Jeffrey F. Reina, Esq.
                                               *Attorneys for Plaintiff*
                                               42 Delaware Avenue, Suite 120
                                               Buffalo, New York 14202
                                               (716) 849-1333