UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

BUFFALO BILLS, LLC,

                    Plaintiff,                          MEMORANDUM OF LAW

v.                                                      Civil No.1:20-CV-00023-LJV

VINCENT CACCAMO,
STEPHANIE CACCAMO,
APS SOLUTIONS, INC.,

                    Defendants.

---

Stephanie and Vincent Caccamo, by and through counsel, submit this memorandum in response to the Court's order for supplemental briefing on the issue of the Court's subject matter jurisdiction and in opposition to Plaintiff Buffalo Bills, LLC's and request for jurisdictional discovery.

Taking the allegations in the Complaint as true, the following facts are pertinent to this issue: non-party Arenas, Parks & Stadiums Solutions, Inc. was (or is) owned by the Caccamos (ECF Doc. 1, ¶10); the Buffalo Bills have a State Court judgment against Arenas, Parks & Stadiums Solutions, Inc. but have been unable to collect on the judgment (ECF Doc. 1, ¶¶14-24); and defendant APS Solutions, Inc. is a "unincorporated legal fiction" that serves as the "alter ego" of the Caccamos, allowing them to work in New York State (ECF Doc. 1, ¶4, ¶34). The Buffalo Bills also claim that the Caccamos are personally liable for the judgment against non-party Arenas, Parks & Stadiums Solutions, Inc., as they ignored corporate formalities and abused the corporate form to such a degree that adherence to the statutory protections that accompany corporate status would result in inequity to the Plaintiff. (ECF Doc. 1, ¶¶31-33).

Distilled to its core, the Complaint seeks to pierce the corporate veil of Arenas, Parks & Stadiums Solutions, Inc. and hold the Caccamos personally liable for the State Court judgment obtained by the Buffalo Bills. The Buffalo Bills simultaneously (and contradictiously) claim that APS Solutions, Inc. is owned by the Caccamos but does not actually exist. The Buffalo Bills attempt to muddy the waters, allowing it time to fabricate a colorable jurisdictional basis for this action, should not be permitted to continue. The corporate entity that entered into the contract with the Buffalo Bills, Arenas, Parks & Stadiums Solutions, Inc., is a necessary party to any claim to pierce its corporate veil. Because the Buffalo Bills' principal place of business is in New York, and State and Arenas, Parks & Stadiums Solutions, Inc. is a New York corporation, there is no diversity of the parties and this Court is divested of subject matter jurisdiction.

The Buffalo Bills' application for jurisdictional discovery is also futile. While the District Court clearly has the discretion to authorize jurisdictional discovery, such discovery is not warranted where plaintiff has failed to make a prima facie showing of jurisdiction. See *Tamam v. Fransabank SAL*, 677 FSupp2d 720, 733 (SDNY 2010), citing *Jazini v. Nissan Motor Co.*, 148 F.3d 181, 186 (2d Cir. 1998); Daventree, 349 FSupp2d 763, 761 (SDNY 2004) ("a court is not obligated to subject a foreign corporation to discovery where the allegations of jurisdictional facts, construed most favorably in the plaintiff's favor, fail to state a basis for the exercise of jurisdiction or where a plaintiff's proposed discovery, if granted, would not uncover facts sufficient to sustain jurisdiction."); *Ins. Co. of State of Pa. v. Centaur Ins. Co.*, 590 F. Supp. 1187, 1189 (S.D.N.Y. 1984) ("Since not even a prima facie showing of jurisdiction has been made, there is no purpose in further escalating the costs of this lawsuit by granting leave to conduct jurisdictional discovery.") Notably, the Buffalo Bills have identified only potential discovery against the Caccamos, not APS Solutions, Inc.

Furthermore, the Buffalo Bills have failed to identify any genuine issue of jurisdictional fact. There is no dispute that the Complaint seeks to pierce the corporate veil of Arenas, Parks & Stadiums Solutions, Inc. and hold the Caccamos personally liable for its debts, and there is no dispute that Arenas, Parks & Stadiums Solutions, Inc. is a New York corporation doing business in New York. The Buffalo Bills claim subject matter jurisdiction under 28 U.S.C. §1332(a)(1) because the parties are of diverse citizenship; however, they cannot simply exclude a necessary party and fabricate a new one to create subject matter jurisdiction.

ARGUMENT

1. ARENAS, PARKS & STADIUMS SOLUTIONS, INC. IS A NECESSARY PARTY TO THIS ACTION.

The core of this matter is simple. The Buffalo Bills obtained a judgement in State Court against Arenas, Parks & Stadiums Solutions, Inc. Arenas, Parks & Stadiums Solutions, Inc. was (or is) owned and/or operated by defendants Vincent and Stephanie Caccamo. The Buffalo Bills brought this action to enforce the judgment against the Caccamos. Arenas, Parks & Stadiums Solutions, Inc. was not named as a defendant because doing so would divest this Court of jurisdiction.

The Buffalo Bills claim that Arenas, Parks & Stadiums Solutions, Inc. is not a necessary party solely because the debt owed by Arenas, Parks & Stadiums Solutions, Inc. has been reduced to a judgment. The Buffalo Bills also claim that it should be allowed to pierce the

corporate veil and enforce the judgment against the Caccamos personally.[1]  The Complaint in this matter clearly seeks to hold the Caccamos personally responsible for the default judgment obtained in State Court. This is confirmed by the allegation that APS Solutions, Inc. is a "legal fiction."  In other words, the claim is that the Caccamos fraudulently transferred the property from Arenas, Parks & Stadiums Solutions, Inc. to themselves.  This is clearly a circuitous route to piercing the corporate veil and holding the Caccamos personally liable for the debts of Arenas, Parks & Stadiums Solutions, Inc.

A party seeking to pierce the corporate veil must establish that "(1) the owners exercised complete domination of the corporation in respect to the transaction attacked; and (2) that such domination was used to commit a fraud or wrong against the plaintiff which resulted in the plaintiff's injury." The Buffalo Bills must also show that the Caccamos "abused the privilege of doing business in the corporate form to perpetrate a wrong or injustice against that party such that a court in equity will intervene."  See *Gateway I Group, Inc. v Park Ave. Physicians, P.C.*, 62 AD3d 141, 145, 877 NYS2d 95 [2009] (citations omitted).  The injury in this case is the monetary damages encapsulated in the State Court judgment.  The Buffalo Bills do not allege that they had any interaction with, or had even heard of, APS Solutions, Inc.  As such, the Buffalo Bills are irrefutably seeking to hold the Caccamos personally liable for the obligations of Arenas, Parks & Stadiums Solutions, Inc.

---

[1]    The Buffalo Bills could have either brought this matter in State Court against all parties (including Arenas, Parks & Stadiums Solutions, Inc.) or brought this matter only against APS Solutions, Inc. in this Court.  Because the Buffalo Bills choose to name the individual owners of Arenas, Parks & Stadiums Solutions, Inc. as individual defendants against whom the judgment should be enforced, and specifically included the allegations to pierce the corporate veil of Arenas, Parks & Stadiums Solutions, Inc., Arenas, Parks & Stadiums Solutions, Inc. is a necessary party to this action.

The Rule 19 analysis is unnecessary, as New York Law is clear that in an action to pierce the corporate veil the corporation itself is a necessary party. While the Buffalo Bills have framed the causes of action in the Complaint to seek recovery of improper transfers of property, the Complaint seeks recovery of the State Court judgment against the Caccamos individually. Under New York Law "an action to pierce the corporate veil requires that the purported dummy corporations be parties," divesting this Court of subject matter jurisdiction. *Stewart Tenants Corp. v. Square Indus., Inc.*, 269 AD2d 246, 703 NYS2d 453, 454 (1st Dept. 2000); see also *MiraMax Film Corp. v. Abraham*, 2003 USDist Lexis 21346, *26 (SDNY 2003). Because the Buffalo Bills can enforce the underlying judgment in State Court, there is no prejudice to dismissal of this matter.

Even if APS Solutions, Inc. is considered a subsidiary or alter ego of Arenas, Parks & Stadiums Solutions, Inc., the "prevailing view in this Circuit appears to be that a subsidiary, which is an alter-ego of its parent, adopts the citizenship of its parent." *Incredible Invs. Ltd. v. Parlato*, 2010 USDist Lexis 153147, *10-11 (WDNY 2010), citing *Gyadu v. Hartford Insurance Co.*, 283 FSupp2d 740, 744 (DConn. 2003); *Grunblatt v. UnumProvident Corp.*, 270 FSupp2d 347, 352 (EDNY 2003); *Powers v. Fox Television Stations, Inc.*, 907 FSupp 719, 722 (SDNY 1995). The Buffalo Bills cannot provide any information about APS Solutions, Inc. other than it "serves as the alter ego of Defendants Vincent and Stephanie Caccamo and is the successor in interest of Arenas, Parks & Stadiums Solutions, Inc.," again leading to the conclusion that this matter is to pierce the corporate veil or that APS Solutions, Inc. is the same company as Arenas, Parks & Stadiums Solutions, Inc.

2.  THE MOTION FOR JURISDICTIONAL DISCOVERY SHOULD BE DENIED.

Jurisdictional discovery would be futile because Arenas, Parks & Stadiums Solutions, Inc. is a necessary party. Because Arenas, Parks & Stadiums Solutions, Inc. is an active New York corporation (see ECF Doc. No. 13-2), there is fact that is discoverable that would allow for complete diversity. As noted above, dismissal of the action will not prejudice the Plaintiff; it can still continue its enforcement action in State Court.

The only jurisdictional discovery identified by the Buffalo Bills is the depositions of the Caccamos. See ECF Doc. No. 13-1, ¶6. The Buffalo Bills do not identify any potential discovery relating to APS Solutions, Inc., likely because they have not even served APS Solutions, Inc. As such, a deposition of the Caccamos would likely be related to their relationship with Arenas, Parks & Stadiums Solutions, Inc., not APS Solutions, Inc. It appears that the Buffalo Bills are seeking discovery simply to obtain the depositions of the Caccamos because it was unable to get either in State Court.

3.  THE SUBMISSIONS RELATING TO APS SOLUTIONS DO NOT SUPPORT THE CLAIM THAT THE CACCAMOS OWN AN ENTITY NAMED "APS SOLUTIONS, INC."

Rather than providing any official, governmental documentation showing that defendant APS Solutions, Inc. is an actual corporation, let alone a corporation owned and operated by the Caccamos, the Buffalo Bills simply rely on printouts of different websites. The Buffalo Bills have not provided any filed documents that shows that the Caccamos own APS Solutions, Inc., while simultaneously mocking the Caccamos "protestations" that they are *not* the owners of APS Solutions, Inc. As the Court has stated, the evidence that the Buffalo Bills use to support these allegations actually states that APS Solutions, Inc. is located at 45 Nicole Lane, Wingdale, New York 12594, the same address as Arenas, Parks & Stadiums Solutions, Inc. See ECF Doc. No. 10-1, 10-4.

The Buffalo Bills request to do jurisdictional discovery relating to APS Solutions, Inc. is nothing more than a fishing expedition. A simple search on Lexis/Nexis indicates that there are multitudes of corporations throughout the United States known as "APS Solutions, Inc." See September 22, 2020 Declaration of Paul G. Joyce, Esq. A. The Lexis/Nexis search identifies 38 entities across the United States using that name, including an entry where "APS Solutions, Inc." is an alias of Arenas, Parks & Stadiums Solutions, Inc. There is an "APS Solutions, Inc." that is currently registered to do business in New York. See Joyce Declaration, Ex. B. Furthermore, a search of the Delaware Division of Corporation indicates that there is an entity named "APS Solutions, Inc." registered in that state (the same state of incorporation as Buffalo Bills, LLC), while a search of the Maryland Department of Assessments & Taxation indicates that there no corporations named "APS Solutions, Inc." registered in that jurisdiction. See Joyce Declaration, Ex. C & D.

In addition to the exhibits used by the Buffalo Bills that indicate APS Solutions, Inc, is located in New York, the Buffalo Bills claim that the a Dun & Bradstreet report lists APS Solutions with a Beltsville, Maryland address (see ECF Doc. No. 10-3). This document actually shows over 200 companies using the same one story suburban strip plaza address as the base of operations. It strains reality to believe that this is nothing more than a registered agent address for Arenas, Parks & Stadiums Solutions, Inc., which is also listed on ECF Doc. No. 10-3.

It is notable that the documents relied upon by the Buffalo Bills, as well as the Lexis/Nexis report, identify both Arenas, Parks & Stadiums Solutions, Inc. and APS Solutions, Inc., indicating that APS is nothing more than a simple abbreviation of "Arenas, Parks & Stadiums." The Buffalo Bills allege, based on "information and belief," that the Caccamos own a company named APS Solutions, Inc., yet cannot provide any information relating to that

organization other than an address in Maryland and website that lists a New York address. Even with such feeble support, the Buffalo Bills accuse the Caccamos of perjuring themselves by stating they have "never owned or operated a company named 'APS Solutions, Inc.'"

Apparently, the Buffalo Bills "information and belief" is based on (1) an Arenas, Parks & Stadiums Solutions, Inc. website that uses www.apssolutionsinc.com as its domain (see ECF Doc. No. 10-2) and (2) various screenshots of business websites (see ECF Doc. Nos. 10-1, 10-3 & 10-4) that identify the business address of APS Solutions, Inc, as 45 Nicole Lane, Wingdale, New York 12594.

The documentation relied upon by the Buffalo Bills does not create a jurisdictional issue. Abbreviating a name in a website is neither fraudulent nor uncommon, and it does not support allegations of perjury. For example, the website for Lipsitz Green Scime Cambria, LLP is not www.lipsitzgreenscimecambriallp.com, it is www.lipsitzgreen.com. IBM is not www.internationalbusinessmachinescorp.com, it is www.ibm.com. The website for the West Side Rowing Club, Incorporated, of the City of Buffalo is not found at www.westsiderowingclubincorporatedofthecityofbuffalo.com; it is www.wsrc.org. Simply because Arenas, Parks & Stadiums Solutions, Inc. uses www.apssolutionsinc.com (or www.apssolutionsusa.com, which takes you to the same site) rather than www.arenasparksandstadiumssolutionsinc.com does mean that the Caccamos own a company named APS Solutions, Inc. The Buffalo Bills have not identified any jurisdictional fact that can resolve the fatal flaw in the Complaint - Arenas, Parks & Stadiums Solutions, Inc. is a New York corporation and a necessary party.

<u>CONCLUSION</u>

For the foregoing reasons, defendants Stephanie and Vincent Caccamo request that the Court deny the Buffalo Bills motion for jurisdictional discovery and dismiss this matter for a lack of subject matter jurisdiction.

DATED:     Buffalo, New York           COLUCCI & GALLAHER, P.C.
            September 22, 2020

/s/ Paul G. Joyce
*Attorneys for Defendants Vincent Caccamo and Stephanie Caccamo*
2000 Liberty Building
424 Main Street
Buffalo, New York  14202
(716) 853-4080
pjoyce@colucci-gallaher.com