UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

BUFFALO BILLS, LLC,

       Plaintiff,

  v.

VINCENT CACCAMO,

STEPHANIE CACCAMO, and

APS SOLUTIONS, INC.

       Defendants.

20-CV-00023-LJV
DECISION & ORDER

On January 8, 2020, the plaintiff, Buffalo Bills, LLC ("the Bills"), commenced this action under N.Y. Debt. & Cred. L. §§ 273, 276, alleging that an entity known as Arenas, Parks & Stadiums Solutions, Inc. ("Arenas, Parks & Stadiums"), fraudulently conveyed assets to the defendants to prevent collection of a state court judgment.  Docket Item 1. The Bills asserted diversity jurisdiction under 28 U.S.C. § 1332(a)(1).  *Id.*  On May 25, 2020, the Bills asked the Clerk of Court to enter a default against two of the defendants, Vincent and Stephanie Caccamo ("the Caccamos"), because they had failed to answer the complaint.  Docket Item 5.  The Clerk of Court granted that request the next day. Docket Item 6.

On June 10, 2020, the Bills asked the Clerk of Court to enter a default judgment for a sum certain against the Caccamos.  Docket Item 8.  On June 22, 2020, the Caccamos responded in opposition and moved to set aside the entry of default.  Docket

Item 9; *see also* Docket Item 11.  The Bills responded to that motion on June 26, 2020.  Docket Item 10.

On August 24, 2020, the Court granted the Caccamos' motion, set aside the default, and denied the Bills' motion as moot.  Docket Item 12.  "The Court [was] concerned, in particular, that the Bills ha[d] not adequately established factual predicates for this Court's exercise of subject matter jurisdiction."  *Id.* at 6-7 (citing *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) ("[S]ubject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived.  Moreover, courts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." (citations omitted))).  The Court explained:

> The Bills allege that the Caccamos fraudulently conveyed certain assets of Arenas, Parks & Stadiums to APS, and that because the Caccamos are an "alter ago" of APS, the Bills should be permitted to pierce APS's corporate veil and recover from the Caccamos directly.  Docket Item 1 at 7-9.  Underpinning these allegations are two asserted facts of jurisdictional significance:  (1) that Arenas, Parks & Stadiums, whose New York residency the Bills concede, is not a "required" and "indispensable" party to this action under Rule 19 of the Federal Rules of Civil Procedure; and (2) that APS is not a New York resident.

*Id.* at 6.  But the Bills had not yet "prov[en] by a preponderance of the evidence" either of these critical facts.  *Id.* at 8 n.4 (citing *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)).

On September 8, 2020, the Bills moved for leave to conduct limited jurisdictional discovery related to (1) the relationship between Arenas, Parks & Stadiums; APS; and the Caccamos; and (2) the citizenship of APS.  Docket Item 13.  The Bills' assertions that APS is the successor in interest to Arenas, Parks & Stadiums and that APS is a

citizen of Maryland, *see* Docket Item 13-1 at 4-5, seem plausible and, if they are accurate, "establish a prima facie case" of jurisdiction.  *See Jazini v. Nissan Motor Co.*, 148 F.3d 181, 186 (2d Cir. 1998) (citation omitted).  Because exploring those assertions regarding jurisdiction would aid the Court in deciding whether it has the power to adjudicate this case, and because conducting that jurisdictional inquiry now is the most efficient way to proceed, the Court grants the Bills' motion.

## **ORDER**

In light of the above, IT IS HEREBY

ORDERED that the Bills' motion for jurisdictional discovery, Docket Item 13, is GRANTED; and it is further

ORDERED that said discovery may include depositions of defendants Vincent and Stephanie Caccamo; and it is further

ORDERED that all jurisdictional discovery shall be complete by February 1, 2021; and it is further

ORDERED that the parties shall appear for a status conference on February 12, 2021, at 1:00 PM in the Niagara Courtroom, United States Courthouse, 2 Niagara Square, Buffalo, NY 14202-3350 before United States District Judge Lawrence J. Vilardo.

SO ORDERED.

Dated:   October 15, 2020
            Buffalo, New York

　　　　　　　　　　　　　　　　　　　　 */s/ Lawrence J. Vilardo*
　　　　　　　　　　　　　　　　　　　　 LAWRENCE J. VILARDO
　　　　　　　　　　　　　　　　　　　　 UNITED STATES DISTRICT JUDGE